## DECLARATION OF TASK FORCE OFFICER ROBERT SIMPSON

Pursuant to 28 U.S.C. § 1746 and the laws of the United States, I, Robert A. Simpson, declare under penalty of perjury that the following information is true and correct to the best of my knowledge and belief:

## INTRODUCTION

1. I, Robert Simpson, a Task Force Officer of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code ("U.S.C."), Section 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516. I am a sworn law enforcement officer employed by the Brunswick County (N.C.) Sheriff's Office with 16 years of experience in law enforcement to include but not limited to drug crime investigations.

2. I have been duly deputized by the United States Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and currently hold the position of a Task Force Officer (TFO) assigned to the ATF Wilmington, North Carolina Field office. The ATF Task Force is comprised of ATF intelligence analysts, task force officers, agents, investigators and detectives from several jurisdictions throughout North Carolina including the North Carolina State Bureau of Investigation, the Sampson County Sheriff's Office, the Jacksonville Police Department, the Goldsboro Police Department, the New Hanover County Sheriff's Office, the Wilmington Police Department, and the Brunswick County Sheriff's Office. The underlying purpose and focus of the ATF Task Force is to actively investigate a wide variety of crimes that relate to and include drug trafficking. I personally have been involved in numerous of drug trafficking


GOVERNMENT EXHIBIT A

investigations that focus on various types of narcotics, means of transportation, drug traffickers, sources of supply, etc., throughout the Eastern District of North Carolina and beyond.

3. Prior to my employment at the Brunswick County Sheriff's Office, I was employed by the Wilmington Police Department and assigned to the Wilmington Police Departments Narcotics Enforcement Unit. Wilmington Police Departments Narcotics Enforcement Unit is charged with conducting investigations of large-scale and street level narcotics traffickers. Prior to my assignment to the Narcotics Division, I held different positions including a member of the Wilmington Police Departments Street Crimes Unit and a Patrol Officer in the Patrol Division. I have participated in death investigations, physical assaults, property crimes, and other major felony crimes. I completed Basic Law Enforcement Training at Cape Fear Community College where I received my BLET certification.

4. Since my employment as a Law Enforcement Officer, I have completed DEA Basic Narcotics School, ATF Task Force Officer Training, Police Law Institute, ATF Undercover School, Interdiction for Patrol Officers, Basic Interview/Interrogation, Vehicle Compartment Training, Narcotics Covert Surveillance, Search Warrant Writing Training, and other in-service classes.

5. I have initiated and assisted with numerous state and federal narcotics investigations, which have resulted in the seizures of large quantities of controlled substances, United States currency, drug paraphernalia, motor vehicles, firearms and ammunition. In connection with my official ATF and prior law enforcement duties, I have participated in long-term, historical conspiracy investigations, wiretap investigations, and Organized Crime Drug Enforcement Task Force (OCDETF) investigations. I have directed and/or participated in investigations of

criminal violations of North Carolina narcotics laws and federal narcotics laws, including, but not limited to, Title 21, United States Code, Sections 841, 843, 846, 848, 952, 960, 963 and Title 18, United States Code, Sections 924, 1956, 1957, and 371; as well as the aiding and abetting the above offenses, in violation of Title 18, United States Code, Section 2.

6. I have testified in state and federal judicial proceedings and prosecutions for violations of controlled substance and firearm laws. I have been involved in the debriefing of defendants, witnesses, and informants, as well as others who have knowledge of the distribution and transportation of controlled substances, and of the laundering and concealing of proceeds derived from drug trafficking. I have participated in numerous narcotics investigations, during the course of which I have: recovered controlled dangerous substances; conducted physical surveillance; written and executed numerous search warrants; reviewed recorded conversations of and the criminal histories of narcotics traffickers; and I have participated in investigations involving the monitoring and recording of court authorized Title III interceptions that resulted in large seizures of narcotics and United States currency.

7. Through training and participation in investigations of narcotics trafficking I have learned the methods used by narcotics traffickers to buy and sell narcotics and to conceal their assets, income, and activities from the Government and law enforcement authorities.

8. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, and witnesses. This affidavit is intended to show merely that there are sufficient facts to support a reasonable belief that the government will meet its burden of proof to establish the forfeitability of the currency at trial, and does not set forth all of my knowledge about this matter.

## **PROBABLE CAUSE**

9. On May 25, 2022, at approximately 6:11pm members of the Brunswick County Sheriff's Office met with a confidential and reliable source to conduct a controlled purchase of marijuana and pressed fentanyl pills from Jonathan JUNEAU at 110 Grasmere Court in Leland, North Carolina. During the controlled purchase the confidential source traveled to JUNEAU's residence located at 110 Grasmere Court in Leland, North Carolina. JUNEAU met the source at the front door of the residence and invited the source inside. Once inside the residence JUNEAU led the source upstairs to a room over the garage where JUNEAU sold the source two ounces of marijuana and two pressed pills which subsequently tested positive for fentanyl.

10. During an interview of source following the controlled purchase, the source stated that while upstairs in the room over the garage JUNEAU showed the source additional marijuana and pressed pills. The source described the room JUNEAU had taken them to as set up to for selling narcotics with plastic baggies, digital scales and additional narcotics.

11. On May 25, 2022, at approximately 9:48pm members of the Brunswick County Sheriff's Office executed a search warrant at 110 Grasmere Court in Leland, North Carolina. While searching the residence law enforcement focused their searching on the room above the garage, which JUNEAU utilized in the controlled purchase. While searching that room law enforcement located approximately one pound of marijuana, 89 THC vape cartridges, 15 pressed pills (at least one of which was field tested and gave a positive indication for the presence of fentanyl), a stolen handgun, and other drug paraphernalia including digital scales and plastic baggies. As law enforcement continued to search the room, they began to locate bulk cash amounts hidden in various locations in the same room. Agents found bulk cash concealed inside a shoebox, a hole in the wall and in books. Task Force Officer Simpson

knows that narcotics trafficker commonly keep proceeds in multiple locations in an attempt to protect them from being discovered by law enforcement or rival drug dealers. The entirety of the money was collected, hand counted and determined to be a total of $55,664.00 in United States Currency.

12. Law Enforcement attempted to interview JUNEAU who requested a lawyer and refused to make any statement about the currency. JUNEAU was charged with Sell/Deliver Schedule I Controlled Substance, PWISD Schedule I Controlled Substance, Sell/Deliver Schedule IV Controlled Substance, PWISD Schedule IV Controlled Substance, and felony Maintaining a Dwelling for Controlled Substance.

13. Task Force Officer Simpson conducted review of JUNEAU's criminal history and other law enforcement information and found that in 2019 the Brunswick County Sheriff's Office began receiving information from cooperating defendants and community complaints that JUNEAU was selling marijuana from 110 Grasmere Court in Leland, North Carolina. JUNEAU was arrested on two separate occasions in 2019 for marijuana-related offenses. Those charges were dismissed as part of a deferred prosecution agreement. Task Force Officer Simpson also learned that JUNEAU's total reported legitimate income since 2018 is limited to $158.96 in 2018 and $401.07 in 2021.

## CONCLUSION

14. Based on the above detailed facts and circumstance and my training and experience, I believe there is probable cause to conclude the $55,664.00 represents money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.*, proceeds traceable to such an exchange, and/or money used or intended to be used to facilitate a violation of the Controlled Substances Act, and is, therefore, subject to forfeiture pursuant to Title 21, United States Code § 881(a)(6).

15. The foregoing facts are also sufficient to support a reasonable belief that the government will meet its burden of proof to establish the forfeitability of the currency at trial.

I declare under penalty that the aforementioned information, as provided to me, is true and correct.

This the 07 day of November, 2022.

Robert A. Simpson

Task Force Officer

U. S. Bureau of Alcohol, Tobacco, Firearms and Explosives